BRETT L. TOLMAN (8821)
United States Attorney
District of Utah
185 South State St., Suite 400
Salt Lake City, Utah  84111
Telephone: (801) 524-5682

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
(202) 307-6484
virginiacronan.lowe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| ZIONS FIRST NATIONAL BANK, a national banking association; ZIONS BANCORPORATION, a Utah corporation, | ) ) ) ) | Civil No. 2:09-cv-00636 SA |
| Plaintiff, | ) ) | UNITED STATES' ANSWER, CLAIM TO INTERPLEAD FUND |
| v. | ) ) | AND CROSSCLAIMS |
| VISUAL PERFECTION CORPORATION, a Washington corporation, WASHINGTON NATIONAL FUNDING, a Washington corporation, RICHARD C. CYR, KENNETH WAYNE, INTERNAL REVENUE SERVICE | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, | ) ) ) ) | |
| Cross-Claimant, | ) ) | |

4702178.1

- 2 -

v.                                          )
                                            )
RICHARD C. CYR, VISUAL                      )
PERFECTION CORPORATION,                     )
                                            )
                          Cross- Defendants. )
_____    )

Defendant, Internal Revenue Service, by and through its undersigned attorneys, answers

the numbered paragraphs of the Complaint In Interpleader as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 1.

2.  Admits.

3.  Admits that Utah Bancorporation is a Utah corporation and defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

set forth in paragraph 3.

4.  Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 4.

5.  Admits.

6.  Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 6.

7.  Admits.

8.  Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 8.

9.  Admits.

4702178.1

- 3 -

10. Admits.

11. Admits.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Admits.

14. Admits.

15. Admits.

16. Admits, except asserts venue is proper pursuant to 28 U.S.C. § 1391(b) and (e).

17. Denies subject matter jurisdiction pursuant to Fed.R.Civ.P. 22 and admits remaining allegations contained in paragraph 17.

18. Denies subject matter jurisdiction pursuant to Fed.R.Civ.P. 22 and admits remaining allegations contained in paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20. Admits.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21, except defendant admits that Exhibit A is attached to the complaint.

22. Admits.

23. Admits.

24. Admits.

- 4 -

25. Admits.

26. Admits.

27. Admits.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29. Admits.

30.  Admits.

31. Admits.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32, except defendant admits that Exhibit D is attached to the complaint.

33. Admits that Cyr's signature is on Exhibit D, however defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 37.

38.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

<u>DEFENSE</u>

The Internal Revenue Service is not a suable entity, and the United States of America should be substituted for it.  <u>Blackmar v. Guerre</u>, 342 U.S. 512 (1952).

<u>UNITED STATES' CLAIM TO INTERPLEAD FUND</u>

41.  On or about December 30, 2008, Cyr filed a federal individual income tax return (Form 1040) for tax year 2005 with the Internal Revenue Service ("IRS").  <u>See</u> Declaration of Virginia Cronan Lowe (hereinafter "Lowe Decl."), Exhibit 1.

42.  On the Schedule B ("Interest and Ordinary Dividends") and supporting worksheets attached to his 2005 income tax return, Cyr claimed $287,536 in original issue discount ("OID") interest income from a number of sources, resulting in reported taxable interest income (line 8a) in the amount of $287,536.  On his income tax return, Cyr further reported Form 1099 original issue discount ("OID") withholdings (line 64) in the amount of $294,331, resulting in a reported tax overpayment (line 72) in the amount of $196,244.

43.  Abusive tax reporting consistent with Cyr's 2005 federal income tax return is

- 6 -

commonly referred to by the IRS as a "Form 1099-OID" fraudulent refund scheme.  An

explanation of a proper Form 1099-OID transaction is as follows:  Generally, a debt instrument

is issued for an amount of money equal to the price at which the instrument will be redeemed, or

its stated principal amount.  However, if the debt instrument is issued at a price less than the

stated principal amount, the difference represents original issue discount ("OID").  For example,

a debt instrument with a stated redemption price of $1,000 and an issue price of $750 has $250

of OID.  For tax purposes, OID is treated as interest, which must be included in the lender's

income as it accrues over the term of the debt instrument.  *See* 26 U.S.C. § 1272(a)(1).

44.  An abusive application of these principles can result in a sizable false refund.  Under

a typical Form 1099-OID refund scheme (similar to the one employed by Cyr in this instant

action), a taxpayer claims to have either issued or purchased a debt instrument that generated

OID interest income.  The taxpayer further claims that federal income taxes were withheld by the

borrower for the full amount of the OID interest income purportedly earned by the taxpayer.  The

taxpayer then reports the total amount of the false withholding (and sometimes the false OID

interest income) on their income tax return, resulting in a large (and completely unsubstantiated)

refund ($196,244 in this case).

45.  For tax reporting purposes, the IRS requires the payer (borrower) of OID interest

income to issue an IRS Form 1099-OID to both the IRS and the payee (lender).  On a Form

1099-OID, the  payer (borrower) is required to report the amount of all taxable OID interest

income, along with any related withholdings.  Based on information provided on these Forms

1099-OID, the IRS verifies that the proper amount of OID interest income has been reported by

the payee (lender), as well as confirm that claimed withholding amounts have in fact been withheld by the payer (borrower) and remitted to the IRS for deposit.

46.  The Form 1099 OID withholding amount ($294,331) reported by Cyr is factually and legally unsupported.  The required Forms 1099-OID necessary to support and substantiate Cyr's reported OID withholdings could not be located in a search of IRS records and databases.  Cyr (nor any third party payer-borrower) has not provided the requisite documentation to the IRS to support the existence of any OID withholdings, much less anything to substantiate $294,331 in total withholdings.

47.  Based solely upon his income tax return, on February 16, 2009 the IRS issued a refund to Cyr in the amount of $196,244.  On February 20, 2009, Cyr deposited the falsely-obtained refund in the amount of $196,244 into a bank account for Visual Perfection Corporation MGMT Trust Acct for Washington National at Zions Bank.  Cyr endorsed the falsely-obtained refund check by signing as "Richard C. Cyr, authorized rep. Assign to Visual Perfection Corporation."

48.  Pursuant to I.R.C. § 6201(a)(3), on April 2, 2009 a duly authorized delegate of the Secretary of the Treasury made prompt assessments against Cyr in the amount of $287,487, plus interest in the amount of $28,676.26 and penalties in the amount of $24,248.18.  On April 13, 2009, pursuant to I.R.C. § 6331(a), the IRS gave notice and made demand for payment of Cyr's outstanding assessments.  Specifically, IRS Revenue Officer Nancy Phillips mailed by certified mail to Cyr's last known address a copy of a notice of jeopardy levy and right to appeal (IRS Letter 2439).

- 8 -

49.  On April 14, 2009, Revenue Officer Phillips served a notice of jeopardy levy (IRS Form 668-A) on Zions Bank, to attach the funds held in the account in the name of Visual Perfection Corporation.  To date, the IRS has not received the levied-upon funds from Zions Bank.

UNITED STATES' CROSS-CLAIM AGAINST VISUAL PERFECTION CORPORATION

50.  This cross-claim is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

51.  The Court has jurisdiction over this cross-claim pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

52.  Venue is proper in the District of Utah under 28 U.S.C. §§ 1391(b) and 1396.

53.  Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraph 48 above and attached to all property and rights to property of Richard C. Cyr.

54.  On April 29, 2009, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Salt Lake County, Utah, a notice of federal tax lien against Richard C. Cyr for the unpaid federal tax liabilities set forth in paragraph 48, above.

55.  Section 3304(b)(1) of the Federal Debt Procedures Collection Act, 28 U.S.C., provides that "a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation (A) with actual intent to hinder,

- 9 -

delay, or defraud a creditor; or (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor (I) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."

56.  Section 3306(a) of the Federal Debt Procedures Collection Act, 28 U.S.C., authorizes that the United States "may obtain (1) avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States; (2) a remedy under this chapter against the asset transferred or other property of the transferee; or (3) any other relief the circumstances may require."  Section 3307(a) of the Federal Debt Procedures Collection Act, 28 U.S.C., further authorizes that the United States "may recover judgment for the value of the asset transferred ... against (1) the first transferee of the asset or the person for whose benefit the transfer was made; or (2) any subsequent transferee, other than a good faith transferee who took for value or any subsequent transferee of such good-faith transferee."

57.  Cyr's transfer of any of the falsely-obtained refund proceeds to defendant Visual Perfection Corporation, as set out in Paragraph No. 47, above, is fraudulent as to Cyr's debt to the United States.

58.  The United States is entitled to avoidance of any transfers to Visual Perfection Corporation; a remedy against any assets transferred or other property of Cyr; any other relief the circumstances may require; and/or judgment for the value of any assets transferred to Visual Perfection Corporation.

- 10 -

59.  Visual Perfection Corporation held the falsely-obtained refund in the amount of $196,244 in constructive trust for the benefit of Richard C. Cyr.

60.  Visual Perfection Corporation is the nominee/alter ego of Richard C. Cyr.

61.  The transfer of assets from Richard C. Cyr to Visual Perfection Corporation was made with the actual intent to hinder, delay or defraud the United States and without receiving reasonably equivalent value in exchange for the transfer.  The transfer was fraudulent as to the United States pursuant to Utah Code § 25-6-5.

### UNITED STATES' CROSS-CLAIM AGAINST RICHARD C. CYR

62.  This cross-claim is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

63.  The Court has jurisdiction over this cross-claim pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

64.  Venue is proper in the District of Utah under 28 U.S.C. §§ 1391(b) and 1396.

65.  Section 7402(a) of the Internal Revenue Code, 26 U.S.C., authorizes a district court of the United States to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," even when the United States has other remedies available for enforcement of those laws.

66.  On April 6, 2009, the Defendant Richard C. Cyr filed his federal income tax returns for the years 2006 and 2007, and on May 13, 2009, Cyr electronically filed his 2008 federal income tax return with the IRS.  In his 2006, 2007 and 2008 income tax returns Cyr attempted to

- 11 -

claim a refund by submitting false Forms 1099-OID with false withholding.

WHEREFORE, defendant, the United States of America, respectfully requests the Court to adjudge and decree as follows:

(A)  That the Court determine that the United States has valid and subsisting federal tax liens, by virtue of the assessments set forth above, on all property and rights to property of defendant Richard C. Cyr  including the interplead fund;

(B)  That the Court adjudicate that defendant Richard C. Cyr and every subsequent transferee, including Visual Perfection Corporation, hold the proceeds of the falsely-obtained refund in constructive trust for the benefit of the United States.

(C) That the Court determine that Visual Perfection Corporation is the alter ego and/or nominee of Richard C. Cyr, and disregard the purported interest of Visual Perfection Corporation in the interplead fund;

(D) That the court determine that the purported transfer of the falsely-obtained refund in the amount of $196,244 by Richard C. Cyr was made with the actual intent to hinder, delay and defraud the collection of taxes and without the defendant receiving reasonably equivalent value in exchange for the transfer and is void pursuant to the Utah Uniform Fraudulent Transfer Act;

(E) That the Court enjoin Richard C. Cyr from filing frivolous federal income tax returns utilizing false Forms 1099-OID; and

- 12 -

(F)  That the United States of America be granted such other and further relief as the

Court deems just and proper, including fees and costs as allowed by law.

BRETT L. TOLLMAN
United States Attorney


/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice

4702178.1

- 13 -

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES'
ANSWER,

CLAIM TO INTERPLEAD FUND AND COUNTERCLAIMS has been made this 13th day of

October, 2009, by using the Court's CM/ECF system, addressed to:

Angelina Tsu at angelina.tsu@zionsbancorp.com

IT IS FURTHER CERTIFIED that service of the foregoing has been made by mailing a copy

thereof via U.S. mail on this 13th day of October addressed to:

Brent A. Waite, Esq.
Zions Management Service Corp
One South Main #1100
Salt Lake City, UT 84133

Richard C. Cyr
358 S 700 E Apt B-501
Salt Lake City, UT 84102

Visual Perfection Corporstion
c/o American International Business Law Inc
17719 Pacific Ave S #308
Spanaway, WA 98387

Washington Nation Funding
c/o American International Business Law Inc
17719 Pacific Ave S #308
Spanaway, WA 98387

Kenneth Wayne
17719 Pacific Ave S #308
Spanaway, WA 98387

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division

4702178.1

- 14 -

U.S. Department of Justice